# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **BETH MCGILL, TINA GIPSON, KARI NUENKE, EMILY NUENKE,** and **REBEL MOORE**, *Individually, and on behalf of themselves and other similarly situated current and former employees*, <br><br>Plaintiffs, <br><br>v. <br><br>**NASHVILLE TENNESSEE VENTURES, INC.** *a Tennessee Corporation,* **a/k/a NASHVILLE VENTURES, d/b/a HELP 4 TIMESHARE OWNERS**, **INTEGRITY SOLUTIONS GROUP, LLC,** *a New Mexico Limited Liability Company,* **JOHN STEVEN HUFFMAN**, *and* **JOHN PRESTON THOMPSON**, *Individually,* <br><br>Defendants. | **NO.** 3:19-cv-00922 <br><br>Judge Campbell/Brown <br><br>FLSA Opt-In Collective Action <br>JURY DEMANDED |

## PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Named Plaintiffs, Beth McGill, Tina Gipson, Kari Nuenke, Emily Nuenke, and Rebel Moore (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, bring this Fair Labor Standards Act ("FLSA") collective action against the above-named Defendants and show as follows:

### I. NATURE OF SUIT

1. This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiffs and other similarly situated current and former employees of Defendants, as defined herein.

1

2. Defendants violated the FLSA in that they failed to properly pay Plaintiffs for all hours they worked by failing to compensate them at the rate of time and one-half their regular rate of pay for all the hours worked over forty (40) hours in each workweek. Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Plaintiff Beth McGill was employed by Defendants as a Case Manager and Executive Branch Director within the meaning of the FLSA within the three (3) year period preceding the filing of this Collective Action Complaint. Plaintiff McGill was told she would be paid $15.00 per hour for every hour worked (plus commissions) for Defendants from May 2015 until October 2016. Her hourly-rate was increased to $17.50 per hour (plus commissions) from mid-October 2016 until January 2017. Her pay was then increased again to $25.00 per hour (plus commissions) from February 2017 to December 2018. Plaintiff McGill hereby consents to be a party-plaintiff and a named representative plaintiff in this action and her consent to join form is attached as "*Collective Exhibit A*."

4. Plaintiff Tina Gipson was employed by Defendants within the meaning of the FLSA within the three (3) year period preceding the filing of this Collective Action Complaint. Plaintiff Gipson was told she would be paid $15.00 per hour for every hour worked (plus commissions) for Defendants. Plaintiff Gipson hereby consents to be a party-plaintiff and a named representative plaintiff in this action and her consent to join form is attached as "*Collective Exhibit A*."

5. Plaintiff Kari Nuenke was employed by Defendants within the meaning of the FLSA within the three (3) year period preceding the filing of this Collective Action Complaint. Plaintiff Nuenke was told she would be paid $15.00 per hour for every hour worked (plus

2

commissions) for Defendants. Plaintiff Nuenke hereby consents to be a party-plaintiff and a named representative plaintiff in this action and her consent to join form is attached as "*Collective Exhibit A.*"

6. Plaintiff Emily Nuenke was employed by Defendants within the meaning of the FLSA within the three (3) year period preceding the filing of this Collective Action Complaint. Plaintiff Nuenke was told she would be paid $15.00 per hour for every hour worked (plus commissions) for Defendants. Plaintiff Nuenke hereby consents to be a party-plaintiff and a named representative plaintiff in this action and her consent to join form is attached as "*Collective Exhibit A.*"

7. Plaintiff Rebel Moore was employed by Defendants within the meaning of the FLSA within the three (3) year period preceding the filing of this Collective Action Complaint. Plaintiff Moore was told she would be paid $15.00 per hour for every hour worked (plus commissions) for Defendants. Plaintiff Moore hereby consents to be a party-plaintiff and a named representative plaintiff in this action and her consent to join form is attached as "*Collective Exhibit A.*"

8. Defendant Nashville Tennessee Ventures, Inc. (also known as "Nashville Ventures") is a Tennessee corporation authorized to do business, and is currently doing business, in the State of Tennessee. Defendant Nashville Tennessee Ventures, Inc. conducts business in the State of Tennessee under the name "Help 4 Timeshare Owners." According to the Tennessee Secretary of State, it can be served through its registered agent, Nashville Tennessee Ventures, Inc., at 503 Ligon Drive, Suite A, Nashville, Tennessee 37204 or wherever it may be found.

9. Integrity Solutions Group, LLC is a New Mexico limited liability company, authorized to

do business, and is believed to be currently doing business, in the State of New Mexico. Upon information and believe, Integrity Solutions Group, LLC also conducts business under the name "Help 4 Timeshare Owners." Prospective clients calling for Nashville Tennessee Ventures, Inc. are now directed to Integrity Solutions Group, LLC for help cancelling timeshare contracts. Integrity Solutions Group, LLC can be served through its registered agent: Registered Agents, Inc. 530-B Harkle Road, Ste 100; Santa Fe, New Mexico 87505 or wherever it may be found.

10. Defendant John Steven Huffman is an owner of Nashville Tennessee Ventures, Inc. and exercised operational control over Nashville Tennessee Ventures, Inc. and its employees during the statutory period. Furthermore, Defendant Huffman determined Plaintiffs' rate and method of pay and made the decision to pay Plaintiffs and Class Members for only forty (40) hours worked per week without any overtime compensation. Defendant Huffman is therefore individually liable under the FLSA for the non-payment of overtime complained of herein. Defendant Huffman can be served at 503 Ligon Drive, Suite A, Nashville, Tennessee 37204, 1011 Alice Springs Circle, Spring Hill, Tennessee 37174, or wherever he may be found.

11. Defendant John Preston Thompson is an owner of Nashville Tennessee Ventures, Inc. and exercised operational control over Nashville Tennessee Ventures, Inc. and its employees during the statutory period. Furthermore, Defendant Thompson determined Plaintiffs' rate and method of pay and made the decision to pay Plaintiffs and Class Members for only forty (40) hours worked per week without any overtime compensation. Defendant Thompson is therefore individually liable under the FLSA for the non-payment of overtime complained of herein. Defendant Thompson can be served at 503 Ligon Drive,

Suite A, Nashville, Tennessee 37204, 712 Riverbranch Court, Nashville, Tennessee 37221, or wherever he may be found.

12. Defendants constitute an integrated enterprise because Defendants' related activities (i.e. jointly owning and operating a timeshare exit business) performed (either through unified operation or common control) by any person or persons [are] for a common business purpose as that term is defined in the FLSA, 29 U.S.C. § 203(r).

### III. JURISDICTION AND VENUE

13. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

14. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because certain Defendants reside in this district and because the events that form the basis of this suit occurred in this District.

### IV. CLASS DESCRIPTION

15. Plaintiffs bring this action on behalf of themselves and the following similarly situated persons:

> All current and former hourly paid employees of Defendants during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiffs and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b). (Collectively, "the class").

### V. COVERAGE

16. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and Class Members.

17. At all times hereinafter mentioned, Defendants have been employers of Plaintiffs within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d), as well as employers of

all other persons hired to work for Defendants and comprising the Class.

18. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

20. Throughout the statutory recovery period applicable to this action, Defendants Huffman and Thompson knew that the law required that the employees who worked for them be paid overtime for each hour they worked over forty (40) in any given workweek.

21. At all times material to this action, Plaintiffs and all other putative Class Members employed by Defendants were engaged in commerce.

22. At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

### VI. FACTUAL ALLEGATIONS

23. Defendants' primary business, according to their website, is providing assistance to timeshare owners who "were fraudulently sold their timeshare properties." Defendants provide assistance to timeshare owners in attempting to cancel timeshare contracts.

6

24. Individual Defendants Steven Huffman and Preston Thompson made decisions on hiring and firing employees, establishing pay levels, and were involved with other decisions that affected the terms and conditions of work for hourly-paid employees such as Plaintiffs. For example, Defendant Huffman and Thompson implemented the policy that Plaintiffs and others similarly situated would only be paid for forty (40) hours of work per week, regardless of how many hours were actually worked during a given workweek.

25. Defendants Huffman and Thompson made the decision to not pay Plaintiffs and Class Members overtime in violation of the FLSA.

26. Plaintiff McGill was employed approximately from May 2015 until December 2018 as an hourly-paid Executive Branch Director and Case Manager.

27. During her time as Executive Branch Director, Plaintiff McGill was required to continue to perform the job duties of a Case Manager and take on files. This was done on top of other Executive Branch Director job duties such as dealing with Human Resources issues such as tracking sick days and tracking the cancellation of clients' timeshares.

28. During her time as Executive Branch Director, Plaintiff McGill did not have authority with respect to how many cases and hours Class Members were required to work. The numbers of cases and hours worked by Class Members came directly from Defendants Huffman and Thompson, who explained to Plaintiffs and Class Members that if work could not be completed during regular business hours then the catch-up work could be done after hours for free.

29. Plaintiff Gipson was employed approximately from May 2018 until November 2018 as an hourly-paid Case Manager.

30. Plaintiff Kari Nuenke was employed approximately from June 2018 until November 2018

as an hourly-paid Case Manager.

31. Plaintiff Emily Nuenke was employed approximately from September 2018 until November 2018 as an hourly-paid Case Manager.

32. Plaintiff Moore was employed approximately from December 2016 until November 2018 as an hourly-paid Case Manager.

33. Plaintiffs and Class Members were always required to work in excess of forty (40) hours per week.

34. When Plaintiffs were hired by Defendants, they were told that they would be paid hourly at a rate of $15.00. However, Plaintiffs were only paid for forty (40) hours per week (regardless of the number of hours worked) and did not receive overtime pay.

35. While employed as Case Managers, Plaintiffs were required to talk to potential clients via phone and e-mail about their experiences signing the timeshare contract they wanted to cancel, write dispute letters for clients that would be sent to timeshare resorts, and perform research into specific timeshare resorts. Case Managers were also required to pull timeshare contracts to search for "loopholes" that would assist in cancelling the contract.

36. Case Managers employed by Defendants were typically assigned at least three hundred (300) cases but as many as six hundred (600) at any one time.

37. Because of the extreme case load per Case Manager, Plaintiffs and Class Members were unable to accomplish all of their assigned work during regular business hours. Defendants' offices were open to the public Monday through Thursday 9:00AM until 5:00PM and Fridays 9:00AM until 4:00PM.

38. Defendants required Plaintiffs and Class Members to either remain at the office after regular business hours or to take work home to be finished that day. This "after hours"

8

Case 3:19-cv-00922   Document 18   Filed 02/05/20   Page 8 of 14 PageID #: 78

work took Plaintiffs and Class Members, on average, ten (10) to fifteen (15) hours per week on top of the forty (40) hours worked during business hours.

39. Plaintiff and Class Members, in order to finish the work on their assigned caseloads, were given permission by Defendants Huffman and Thompson to take home files to work on them after regular business hours. It was an established business practice that files and paperwork be taken off premises to be worked on as Plaintiffs were instructed by Defendants Huffman and Thompson to do so.

40. Plaintiffs and Class Members were never paid overtime for the required ten (10) to fifteen (15) hours of "after hours" work.

41. This "after hours" work was performed at various times, but always outside of the normal business hours. Due to the extreme case load, Plaintiffs and Class Members had to perform their job duties outside to normal business hours by coming in early, by staying late in the office after the end of their regularly scheduled shift, or by taking work home with them to perform prior to returning to work for their next scheduled shift.

42. Specifically, Plaintiffs McGill, K. Nuenke, Gibson, and E. Nuenke would regularly come in at least one and one-half (1.5) hours prior to the beginning of their shifts and stay at least a half (.5) hour after the end of their scheduled shifts to stay caught up with what Defendants required of them. Plaintiff Moore would regularly stay one and one-half (1.5) to two (2) hours after the end of her scheduled shift each night.

43. Additionally, all Plaintiffs and Class Members would regularly be required by Defendants Huffman and Thompson to take files home on Friday evenings so that they could perform work on the weekends.

44. Plaintiffs were told by individual Defendants Huffman and Thompson that overtime was

not paid to employees no matter how many hours were worked per week.

45. Specifically, Plaintiff McGill was told specifically by Defendants Huffman and Thompson that is was the company's policy to not pay overtime and that they only paid for forty (40) hours of work regardless of how much work was performed.

46. Defendant Huffman and Thompson also explained to Plaintiffs and Class Members that the hourly rate of pay they received plus commissions was more than enough compensation for the job that was expected of them.

47. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and Class Members.

48. The overtime provision set forth in §207 of the FLSA applies to the Defendants.

49. Plaintiffs are owed time and a half pay and liquidated damages for all hours worked over forty (40) and during the statutory period.

## VII. SCOPE OF LIABILITY AS TO INDIVIDUAL DEFENDANTS

50. Throughout the recovery period applicable to this action, Defendants Steven Huffman and Preston Thompson exercised operational control over the business activities and operations of Defendant Nashville Tennessee Ventures, Inc. including control over the hourly-paid employees employed there.

51. In particular, Defendants Steven Huffman and Preston Thompson directed and controlled work performed by the Plaintiffs and all other employees who worked for Nashville Tennessee Ventures, Inc.; made decisions to hire and fire employees; and implemented, approved, and/or ratified the policy of failing to pay overtime wages to Plaintiffs and other current and former employees.

52. Upon information and belief, Defendant Thompson personally reviewed the payroll system each Monday. However, because it was the policy of Defendants to not pay overtime even if hours were worked over forty (40) in a workweek, there would not have been overtime for him to review.[1]

53. Throughout the recovery period applicable to this action, Defendants Steven Huffman and Preston Thompson were fully aware that Plaintiffs and similarly-situated employees were not paid overtime for each hour of compensable work they performed over forty (40) in single workweeks while in Defendants' employ.

54. Accordingly, Defendants Steven Huffman and Preston Thompson acted "directly or indirectly in the interest of an employer in relation to" Plaintiffs and similarly situated employees within the meaning of §203(d) of the FLSA, and are thus individually and personally liable for the unpaid overtime wages, liquidated damages, costs and attorneys' fees, and any and all other relief sought herein.

## VIII. COLLECTIVE ACTION ALLEGATIONS

55. Plaintiffs re-allege and incorporate paragraphs 1–54 as if fully set forth herein.

56. Plaintiffs and Class Members were subjected to the same pay provisions and violations in that they were employed as hourly-paid workers not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

57. Defendants' failure to compensate employees at the appropriate rate for hours worked in excess of forty (40) in a workweek as required by the FLSA results from a policy or practice of not paying hourly employees for overtime hours. This policy or practice was applicable

---

[1] It should also be noted that Defendants did not have a timeclock for Plaintiffs and Class Members to use. Therefore, there is not accurate recording of Plaintiffs' time to review.

11

to Plaintiffs and Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice, which resulted in the non-payment of overtime and all hours worked, that applied to Plaintiffs applied to all Class Members.

58. Defendants were aware of their obligation to pay overtime to Plaintiffs and Class Members and failed to do so. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and Class Members.

## IX. CAUSE OF ACTION

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

59. Plaintiffs re-allege and incorporate paragraphs 1–58 as if fully set forth herein.

60. During the relevant period, Defendants have violated, and are currently violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty (40) hours without compensating such employees for their work in excess of forty (40) hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

61. Defendants have acted willfully in failing to pay Plaintiffs and Class Members in accordance with the law.

## X. RELIEF SOUGHT

62. WHEREFORE, cause having been shown, Plaintiffs prays for judgment against Defendants as follows:

12
Case 3:19-cv-00922   Document 18   Filed 02/05/20   Page 12 of 14 PageID #: 82

A. For an Order to Defendants to furnish to Plaintiffs' counsel a list of all names, telephone numbers, e-mail addresses and home addresses of employees holding hourly-paid positions who have worked for the Defendants within the last three (3) years;

B. For an Order that authorizes Plaintiffs' counsel to issue notice via U.S. mail, text message, and e-mail at the earliest possible time to all hourly-paid employees who have worked for the Defendants within the last three (3) years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

C. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who may join this suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join this suit);

D. For an Order awarding Plaintiffs (and those who may join this suit) the costs of this action;

E. For an Order declaring that Defendants' violations of the FLSA were willful;

F. For an Order awarding Plaintiffs (and those who may join this suit) attorneys' fees;

G. For an Order awarding Plaintiffs (and those who may join this suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

H. For an award of a reasonable incentive award for Plaintiffs to compensate them for the time and effort they have spent protecting the interests of the Class and the risks they have undertaken; and

I. For an Order granting any such other and further relief as may be necessary and appropriate by this Court.

Respectfully Submitted,

*/s/J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*
*rmorelli@jsyc.com*

and

Nina Parsley (TN BPR #23818)
**PONCE LAW**
400 Professional Park Drive
Goodlettsville, TN 37072
*nina@poncelaw.com*

*Attorneys for Plaintiffs and similarly situated current and former employees*