IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **BETH MCGILL, TINA GIPSON,** <br> **KARI NUENKE, EMILY NUENKE,** <br> and **REBEL MOORE,** *Individually,* <br> *and on behalf of themselves and other* <br> *similarly situated current and former* <br> *employees,* <br><br> **Plaintiffs,** <br><br> v. <br><br> **NASHVILLE TENNESSEE VENTURES,** <br> **INC.** *a Tennessee Corporation,* **a/k/a** <br> **NASHVILLE VENTURES, d/b/a HELP 4** <br> **TIMESHARE OWNERS, INTEGRITY** <br> **SOLUTIONS GROUP, LLC,** *A New Mexico* <br> *Limited Liability Company,* **JOHN STEVEN** <br> **HUFFMAN,** *and* **JOHN PRESTON** <br> **THOMPSON,** *Individually,* <br><br> **Defendants.** | **CIVIL CASE NO. 3:19-cv-00922** <br> **Judge Campbell/Brown** <br><br> **FLSA Opt-In Collective Action** <br> **JURY DEMAND** |

## DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Defendants Nashville Tennessee Ventures, Inc. a/k/a Nashville Ventures, d/b/a Help 4 Timeshare Owners, Integrity Solutions Group, LLC, John Steven Huffman, and John Preston Thompson ("Defendants") hereby submit their Answer to Plaintiffs' First Amended Collective Action Complaint ("First Amended Complaint") as follows:

### I.  NATURE OF SUIT

1. The allegations in Paragraph 1 are not factual allegations, but rather legal arguments or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendants admit that Plaintiffs purport to bring an FLSA

collective action, but Defendants specifically deny that they engaged in any unlawful conduct or that there are any other similarly situated employees.

2. The allegations in Paragraph 2 are not factual allegations, but rather legal arguments or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendants deny that any acts or omissions occurred that support the allegations in the Complaint.

## II. PARTIES

3. Defendants admit that Plaintiff McGill was employed as Case Manager and then later Executive Branch Director during the relevant time frame. Defendants admit that as a Case Manager, Plaintiff McGill was compensated on an hourly basis at a rate of $15.00 per hour and was eligible for commission payments. Defendants admit that Plaintiff McGill subsequently received a pay increase to $17.50 per hour and was eligible for commission payments. Defendants further admit that upon receiving the Executive Branch Director position, Plaintiff McGill was compensated at an hourly rate of $25.00 per hour and was eligible for commission payments. Defendants admit that Plaintiff McGill has consented to be a party-plaintiff, but denies that she is similarly situated to other current and former employees of Defendants. Any allegation not expressly admitted herein is denied.

4. Defendants admit that Plaintiff Gipson was employed as a Case Manager during the relevant time frame. Defendants further admit that Plaintiff Gibson was compensated on an hourly basis at a rate of $15.00 per hour and was eligible for commission payments. Defendants admit that Plaintiff Gibson has consented to be a party-plaintiff, but denies that she is similarly situated to other current and former employees of Defendants. Any allegation not expressly admitted herein is denied.

5. Defendants admit that Plaintiff Kari Nuenke was employed as a Case Manager during the relevant time frame. Defendants further admit that Plaintiff Kari Nuenke was compensated on an hourly basis at a rate of $15.00 per hour and was eligible for commission payments. Defendants admit that Plaintiff Kari Nuenke has consented to be a party-plaintiff, but denies that she is similarly situated to other current and former employees of Defendants. Any allegation not expressly admitted herein is denied.

6. Defendants admit that Plaintiff Emily Nuenke was employed as a Case Manager during the relevant time frame. Defendants further admit that Plaintiff Emily Nuenke was compensated on an hourly basis at a rate of $15.00 per hour. Defendants admit that Plaintiff Emily Nuenke has consented to be a party-plaintiff, but denies that she is similarly situated to other current and former employees of Defendants. Any allegation not expressly admitted herein is denied.

7. Defendants admit that Plaintiff Moore was employed as a Case Manager during the relevant time frame. Defendants further admit that Plaintiff Moore was compensated on an hourly basis at a rate of $15.00 per hour and was eligible for commission payments. Defendants admit that Plaintiff Moore has consented to be a party-plaintiff, but denies that she is similarly situated to other current and former employees of Defendants. Any allegation not expressly admitted herein is denied.

8. Defendants admit that Defendant Nashville Tennessee Ventures, Inc. is a Tennessee corporation authorized to do business in Tennessee and can be served through its registered agent. Any allegation not expressly admitted herein is denied.

4818-0096-0950v1
2951204-000001 03/06/2020

9. Defendants admit that Integrity Solutions Group, LLC is organized under the laws of the State of New Mexico and can be served through its registered agent. Any allegation not expressly admitted herein is denied.

10. Defendants admit that Defendant Huffman is a shareholder of Defendant Nashville Tennessee Ventures, Inc. Any allegation not expressly admitted herein is denied.

11. Defendants admit that Defendant Thompson is a shareholder of Defendant Nashville Tennessee Ventures, Inc. Any allegation not expressly admitted herein is denied.

12. Denied.

### III. JURISDICTION AND VENUE

13. The allegations in Paragraph 13 are not factual allegations, but rather legal arguments or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendants do not contest jurisdiction, but deny that any acts or omissions occurred that support the allegations in the First Amended Complaint.

14. The allegations in Paragraph 14 are not factual allegations, but rather legal arguments or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendants do not contest venue, but deny that any acts or omissions occurred that support the allegations in the First Amended Complaint.

### IV. CLASS DESCRIPTION

15. The allegations in Paragraph 15 are not factual allegations, but rather legal arguments or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendants admit that Plaintiffs purport to bring this action on behalf of "the class" as described in Paragraph 15, but Defendants specifically deny that they

4818-0096-0950v1
2951204-000001 03/06/2020
Case 3:19-cv-00922   Document 24   Filed 03/06/20   Page 4 of 13 PageID #: 96

engaged in any unlawful conduct or the putative members of the class are similarly situated and deny the remaining allegations of Paragraph 15.

## V. COVERAGE

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. The allegations in Paragraph 20 are not factual allegations, but rather legal arguments or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendants deny that any acts or omissions occurred that support the allegations in the First Amended Complaint.

21. Denied.

22. Denied.

## VI. FACTUAL ALLEGATIONS

23. Admitted that Defendant Nashville Tennessee Ventures, Inc. assists timeshare owners in attempting to cancel timeshare contracts. Any allegation not expressly admitted herein is denied.

24. Denied.

25. Denied.

26. Admitted.

27. Admitted.

28. Denied.

29. Admitted.

4818-0096-0950v1
2951204-000001 03/06/2020

30. Admitted.

31. Admitted.

32. Admitted.

33. Denied.

34. Denied.

35. Admitted.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. The allegations in Paragraph 48 are not factual allegations, but rather legal arguments or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendants deny that any acts or omissions occurred that support the allegations in the First Amended Complaint.

49. The allegations in Paragraph 49 are not factual allegations, but rather legal arguments or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendants deny that any acts or omissions occurred that support the allegations in the First Amended Complaint.

## VII. SCOPE OF LIABILITY AS TO INDIVIDUAL DEFENDANTS

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. The allegations in Paragraph 54 are not factual allegations, but rather legal arguments or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendants deny that any acts or omissions occurred that support the allegations in the First Amended Complaint.

## VIII. COLLECTIVE ACTION ALLEGATIONS

55. Defendants incorporate their responses to Paragraphs 1-54 as if set forth fully herein.

56. Denied.

57. The allegations in Paragraph 57 are not factual allegations, but rather legal arguments or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendants deny that any acts or omissions occurred that support the allegations in the First Amended Complaint.

58. The allegations in Paragraph 58 are not factual allegations, but rather legal arguments or conclusions of law that require no response. To the extent these allegations are

4818-0096-0950v1
2951204-000001 03/06/2020

deemed to be allegations of fact, Defendants deny that any acts or omissions occurred that support the allegations in the First Amended Complaint.

## IX. CAUSES OF ACTION

## COUNT 1: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

59. Defendants incorporate their responses to Paragraphs 1-58 as if set forth fully herein.

60. The allegations in Paragraph 60 are not factual allegations, but rather legal arguments or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendants deny that any acts or omissions occurred that support the allegations in the First Amended Complaint.

61. The allegations in Paragraph 61 are not factual allegations, but rather legal arguments or conclusions of law that require no response. To the extent these allegations are deemed to be allegations of fact, Defendants deny that any acts or omissions occurred that support the allegations in the First Amended Complaint.

## X. RELIEF SOUGHT

62. Defendants deny that Plaintiffs are entitled to any of the relief they demand in the numbered paragraphs that appear after Paragraph 62 of the First Amended Complaint.

63. For further response to the First Amended Complaint, Defendants state that any and all allegations not expressly admitted, denied, or explained herein as hereby expressly denied.

## ADDITIONAL DEFENSES

Without admitting or suggesting that it bears the burden of proof on any of the following issues, Defendant asserts the following additional and affirmative defenses to Plaintiff's Complaint:

1. Some or all of Plaintiffs' claims fail to state a claim upon which relief can be granted.

2. The named and opt-in Plaintiffs are not similarly situated to each other or to any other person for purposes of certification of a collective action under the FLSA.

3. To the extent that the period of time alluded to in the First Amended Complaint predates the limitations set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a) some or all of Plaintiffs' such claims are barred.

4. Some or all of Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Action, 29 U.S.C. § 259, because Defendants' actions in connection with Plaintiffs' compensation were in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor. This Defense also may apply to some or all of the class of allegedly similarly-situated persons.

5. Some or all of Plaintiffs' claims are barred in whole or in part by any exemptions, exclusions, exceptions, or credits provided in Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. This defense also may apply to some or all of the class of allegedly similarly-situated persons.

4818-0096-0950v1
2951204-000001 03/06/2020

6. If it is determined that Defendants miscalculated the named or opt-in Plaintiffs' wages or that Defendants' acts or omissions were otherwise improper, none of Defendants' alleged acts or omissions amount to willful violations of the FLSA.

7. The named and opt-in Plaintiffs are not entitled to recover liquidated damages under the FLSA because at all material times Defendants acted in good faith and with reasonable grounds for believing their actions did not violate the FLSA.

8. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

9. To the extent any Plaintiffs fail to properly opt-in to this suit within the applicable statute of limitations, that Plaintiff's claims are time barred.

10. The statute of limitations applicable to the named and opt-in Plaintiffs' claims is limited to two years because Defendants' acts or omissions, if any, were not willful.

11. The issue of liquidated damages is for the Court to consider and determine and not a jury.

12. Some or all of Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 19 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities. This defense also may apply to some or all of the class of allegedly similarly-situated persons.

13. Prejudgment interest is not recoverable under the circumstances of this case.

14. Some or all of Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curet lex*. This defense also may apply to some or all of the class of allegedly similarly-situated persons.

4818-0096-0950v1
2951204-000001 03/06/2020

15. Some or all of Plaintiffs' claims are barred in whole or in part by the doctrine of laches. This defense may apply to some or all of the class of allegedly similarly situated persons.

16. Some or all of Plaintiffs' claims are barred in whole or in part by the doctrine of res judicata, collateral estoppel, estoppel, waiver, and/or unclean hands. This defense also may apply to some or all of the class of allegedly similarly situated persons.

17. To the extent that discovery reveals that some or all of Plaintiffs falsely reported hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiffs to falsely report hours; and no evidence that Defendants knew or should have known that Plaintiffs were providing information as to hours, such Plaintiffs are estopped from pursuing such claims. *See Brumbelow v. Quality Milles, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972). This defense may apply to some or all of the class of allegedly similarly situated persons.

18. Some or all of Plaintiffs' claims are barred, in whole or in part, by doctrines of accord and satisfaction. This defense also may apply to some or all of the class of allegedly similarly-situated persons.

19. There are no employees of Defendants who are substantially similar to Plaintiffs as that term is defined and/or interpreted under FLSA, 29 U.S.C. § 216(b).

20. To the extent that discovery reveals Plaintiffs incurred no damages, Plaintiffs have failed to state a claim upon which relief may be granted.

21. Some Plaintiffs are not within the scope of the purported class.

22. Defendants are without actual or constructive knowledge of Plaintiffs' alleged off the clock work.

4818-0096-0950v1
2951204-000001 03/06/2020

23. Off the clock work is not compensable in workweeks where it was not in excess of 40 hours.

24. Plaintiffs failed to accurately report all hours worked.

25. To the extent that Plaintiffs and/or some or all of the individuals they purport to represent were paid compensation beyond that to which they would have been entitled while employed by Defendants such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

26. The claims of Plaintiffs and/or some or all of the individuals they purport to represent are offset, in whole or in part, by any amounts owed to Defendants, including, but not limited to, overpayments or other forms of unjust enrichment.

27. Plaintiffs' Second Amended Complaint may be barred by additional affirmative or other defenses, including those contemplated by Federal Rule of Civil Procedure 8, which cannot be determined at this time without the benefit of discovery. Thus, Defendants reserve the right, subject to the Court's approval, to amend this Answer and plead additional defenses at the conclusion of discovery.

28. WHEREFORE, having responded to the allegations in Plaintiffs' Second Amended Complaint, Defendants hereby request that the Court enter an Order:

    (a) Dismissing Plaintiffs' Second Amended Complaint with prejudice;

    (b) Awarding Defendants their fees and costs; and

    (c) Awarding Defendants any other relief this Court deems appropriate.

s/ Mark A. Baugh
Mark A. Baugh, BPR No. 015779
Jennifer Gingery Cook, BPR No. 020027
Christopher J. Barrett, BPR No. 032978
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone (615) 726-5600
Facsimile (615) 744-5760

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March 2020, a copy of the foregoing Defendant's Answer to Plaintiff's First Amended Collective Action Complaint was filed electronically. Notice of this filing will be served by operation of the Court's electronic filing system to counsel for parties below. Counsel for parties may access these filings through the Court's electronic filing system:

J. Russ Bryant, BPR No. 33830
Robert E. Turner, IV, BPR No. 35364
Nathaniel A. Bishop, BPR No. 35944
Robert E. Morelli, III, BPR No. 37004
JACKSON, SHIELDS, YEISER & HOLT
262 German Oak Drive
Memphis, TN 38018

Nina Parsley, BPR No. 23818
PONCE LAW
400 Professional Park Drive
Goodlettsville, TN 37072

s/ Mark A. Baugh