IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

| | |
|---|---|
| Beth McGill, Tina Gipson, Kari Nuenke, Emily Nuenke and Rebel Moore, Individually and on behalf of themselves and other similarly situated current and former employees, <br><br> Plaintiff, <br><br> vs. <br><br> NASHVILLE TENNESSEE VENTURES, INC, a Tennessee Corporation, a/k/a NASHVILLE VENTURES, d/b/a HELP 4 TIMESHARE OWNERS, INTEGRITY SOLUTIONS GROUP, LLC, a New Mexico Limited Liability Company, JOHN STEVEN HUFFMAN and JOHN PRESTON THOMPSON, Individually <br><br> Defendant. | No. 3:19-cv-00922 <br> JUDGE CAMPBELL/HOLMES <br><br> JURY DEMANDED |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

Defendants Nashville Tennessee Ventures, Inc. a/k/a Nashville Ventures, d/b/a Help 4 Timeshare Owners, Integrity Solutions Group, LLC, John Steven Huffman, and John Preston Thompson ("Defendants") submit this Response in Opposition to Plaintiff's Motion for Conditional Certification ("Plaintiff's Motion").

### I. INTRODUCTION

Plaintiffs move for conditional certification pursuant to 29 U.S.C. § 216(b) under the Fair Labor Standards Act ("FLSA"). Plaintiffs request that the scope of the putative class consist of "all current or former hourly-paid employees of Defendants" during the applicable limitations

1

period. [DE 18, ¶15; DE 27]. Plaintiffs also request that the Court issue an Order: (1) directing Defendants to immediately provide Plaintiffs' counsel with a computer-readable file containing the names, last known physical address, last known email address, social security numbers, dates of employment and last known telephone numbers for all putative class members during the last three years; (2) providing the Court-approved notice be posted at Defendants' offices, enclosed with all of Defendants' currently employed putative class members next regularly scheduled paycheck/stub, and be mailed and emailed to putative class members; (3) tolling the statute of limitations for the putative class as of May 1, 2020 (the date on which Plaintiffs' Motion was filed; (4) authorizing a reminder postcard to be issued midway through the requested 90 day notice period; and (5) requiring that the opt-in plaintiffs' Consent to Join be deemed "filed" on the date they are postmarked. [DE 27].

Plaintiffs have failed to meet their burden of establishing that the employees they seek to include within the collective class are similarly situated. This action is thus not suitable for conditional certification pursuant to 29 U.S.C. § 216(b). Accordingly, Defendants request that the Court deny Plaintiff's request for conditional certification.

Furthermore, Defendants object to: (1) the information Plaintiffs request from Defendants regarding their current and former employees; (2) Plaintiffs' proposed methods of transmitting the proposed Notice; (3) certain contents of the notice itself; (4) the length of the opt-in period; (5) the necessity of a reminder postcard; and (6) permitting consent forms to be deemed "filed" on the date they are postmarked. Finally, Plaintiffs' request for equitable tolling should be rejected because Plaintiffs have set forth no justification for why the potential opt-in plaintiffs are entitled to the extraordinary relief of equitable tolling.

## II. FACTUAL BACKGROUND

Defendant Nashville Tennessee Ventures is in the timeshare cancellation industry. [Decl. of Cami Lorenz, ¶ 3]. Defendant Integrity Solutions is the parent company of Defendant Nashville Tennessee Ventures. [*Id.*]. Defendants Huffman and Thompson are the primary shareholders in Defendant Nashville Tennessee Ventures. [*Id.*].

Defendant Nashville Tennessee Ventures employs Case Managers to handle timeshare cancellation files for clients. [*Id.* at ¶ 5]. The Case Managers are assisted in their work by the Case Manager Assistant, who performs administrative tasks. [*Id.* at ¶¶ 7 and 12]. Case Managers and the Case Manager Assistant are supervised by the Executive Branch Director. [*Id.* at ¶¶ 6 and 7]. Case Managers are paid on an hourly basis plus commission, while the Case Assistant Manager is paid solely on an hourly basis. [*Id.* at ¶¶ 6 and 7].

Between October 2016 and December 2018, Plaintiff McGill was employed as Defendant Nashville Tennessee Ventures' Executive Branch Director. [*Id.* at ¶ 10; DE 28-3, pp. 1-2]. Plaintiff McGill was never employed by Defendant Integrity Solutions Group, LLC ("Integrity Solutions"). [Dep. of McGill, 7:18-20]. As Executive Branch Manager, Plaintiff McGill was responsible for hiring, firing, setting work hours, supervising work, issuing disciplinary action, and approving and processing payroll. [Decl. of Cami Lorenz, ¶ 11].

In her deposition, Plaintiff McGill admitted that she hired Plaintiffs Kari Nuenke, Emily Nuenke, Rebel Moore, and Tina Gibson. [Dep. of McGill, 20:12-20]. She also admitted to hiring other Case Managers presumably within the putative class. [*Id.*]. Plaintiff McGill also admits that she had the authority to terminate Case Managers, and in fact, had done so. [*Id.* at 24:8-9]. She further concedes that she was responsible for tracking employee attendance and hours worked.

[*Id.* at 33:11-34:7; 36:6-8]. Plaintiff McGill was also responsible for processing payroll. [*Id.* at 34:8-35:6].

Plaintiff Emily Nuenke was employed as the Case Manager Assistant between September 2018 and November 2018. [Decl. of Cami Lorenz, ¶ 12]. She was paid on an hourly basis and was not eligible to receive commissions. [*Id.* at ¶ 13]. Plaintiff Emily Nuenke did not perform the same job functions as the Case Managers, rather she served in an administrative support capacity. [*Id.* at ¶¶ 5, 7 and 12]. Likewise, Plaintiff Rebel Moore was employed by Defendant Nashville Tennessee Ventures as Senior Case Manager. [*Id.* at ¶ 14]. As Senior Case Manager, Plaintiff Moore was assigned more senior tasks than those assigned to Case Managers. She also assisted Plaintiff McGill in developing employee policies relating to hours worked and absences. [*Id.* at ¶ 14].

The remaining named Plaintiffs all worked as Case Managers during their employment with Defendant Nashville Tennessee Ventures. [DE 28-3].

### III. STANDARD

The FLSA provides a private cause of action against an employer "'by any one or more employees for and on behalf of himself or themselves and other employees similarly situated.'" *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 583 (6th Cir. 2009) (quoting 29 U.S.C. § 216(b)). An FLSA action brought by an employee on behalf of himself or herself and others is called a "collective action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

The Sixth Circuit has applied a two-step procedure for determining whether an FLSA case may proceed as a collective action. *Waggoner v. U.S. Bancorp*, 110 F.Supp.3d 759, 764 (N.D. Ohio 2015) (citations omitted)). The first step usually occurs early in the case when the court determines whether notice of the lawsuit should be given to putative members of the class. *White*

*v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 366 (E.D. Tenn. 2006). The second step, if necessary, "occurs after all of the opt-in forms have been received and discovery has concluded." *Waggoner*, 110 F.Supp.3d at 764 (quoting *Comer*, 454 F.3d at 546).

Here, at the notice stage, Plaintiffs bear the burden of showing that the workers in the proposed class are "similarly situated" to them. *Waggoner*, 110 F. Supp. 3d at 764 (citing *Comer*, 454 F.3d at 546). Indeed, only "[s]imilarly situated persons are permitted to 'opt into' the suit." *Comer*, 454 F.3d at 546. Plaintiffs may be similarly situated "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 585. Alternatively, plaintiffs may be similarly situated where their claims are "unified by common theories of defendants' statutory violations." *Id*.

At the notice stage, courts often rely on plaintiffs' and putative plaintiffs' evidence that they are subject to a common policy or plan that violates the law. *See White*, 236 F.R.D. at 367 (focusing on need to make "modest factual showing" of "common policy or plan" violating the FLSA at conditional certification stage). **While plaintiffs' burden at the conditional certification stage is "modest," it is not non-existent**. *Id.* at 366-67 (emphasis added) (citing various courts describing plaintiff's burden at notice stage as requiring an active showing of proof). **Even under the modest certification standard, plaintiffs must provide evidence of a "colorable basis" for their claim that a class of similarly situated plaintiffs exists.** *Id.* at 367 (emphasis added); *Shabazz v. Asurion Ins. Serv.*, No. 3:07-0653, 2008 WL 1730318, at *3 (M.D. Tenn. April 10, 2008).

5

## IV. LEGAL ANALYSIS

### A. Plaintiffs Have Not Met Their Burden of Proof for Conditional Certification and Notice Because They Fail to Demonstrate that the Putative Collective Class Members are Similarly Situated

Plaintiffs' Motion should be denied because Plaintiffs have not met their burden of proof for conditional certification as they have failed to demonstrate that the putative collective class members are similarly situated. Plaintiffs' Motion relies heavily on the lenient standard for conditional certification. [DE 28, p. 6]. Although Plaintiffs' burden is "modest," it is not non-existent. *See White*, 236 F.R.D. at 366-67. Plaintiffs bear the burden to submit evidence establishing a "colorable basis" for their claim that a class of similarly situated plaintiffs exists. *Id.* at 367; *Shabazz,* 2008 WL 1730318, at *3.

Where plaintiffs fail to meet this burden, conditional certification is denied. *See, e.g., Harrison v. McDonald's Corp.,* 411 F. Supp. 2d 862, 871 (S.D. Ohio 2005) (conditional certification denied where plaintiff only offered conclusory allegations and could only speculate that other employees' payroll records were improperly edited); *O'Neal v. Emery Federal Credit Union*, No. 1:13-cv-22, 2013 WL 4013167, at *11 (S.D. Ohio Aug. 6, 2013) (conditional certification denied where plaintiff and affiants lacked personal knowledge of and failed to provide the names of any co-workers who worked hours for which they were not paid); *Hart v. JPMorgan Chase Bank, N.A.*, No. 8:12-cv-00470-T-27TBM, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012) (**denying conditional certification of a nationwide collective action, noting that although plaintiff's burden at the notice stage is not heavy, "it is not invisible" and cannot be based only on "conclusory allegations"**) (emphasis added)); *Bacon v. Eaton Aeroquip, LLC*, No. 11-14103, 2012 WL 4321712, at *2 (E.D. Mich. Sept. 20, 2012) (**vague and conclusory**

6

**allegations lacking relevant facts or assertions of support for a nationwide, uniform policy do not meet the plaintiff's burden for conditional certification**) (emphasis added)).

> 1. **Plaintiffs' Conclusory Allegations Do Not Establish that the Members of the Putative Class are Similarly Situated**

Plaintiffs bear the burden to submit evidence establishing a "colorable basis" for their claims that a class of similarly situated plaintiffs exists. *See White*, 236 F.R.D. at 367; *Shabazz*, 2008 WL 1730318 at *3. In support of their motion, however, Plaintiffs offer no facts, let alone the basis of personal knowledge, to show that they are similarly situated to other employees. Instead, Plaintiff makes only a few unsupported, conclusory allegations that are insufficient to meet their burden of proof.

For example, Plaintiff McGill states "I and other Case Managers were regularly required to work in excess of forty (40) hours per week without overtime compensation" [DE 28-3, ¶ 10]. However, Plaintiff provides no facts to support this conclusion. Moreover, Plaintiff McGill's affidavit clearly articulates that she served as the Executive Branch Director for Defendant Nashville Tennessee Ventures. [DE 28-3, ¶ 1, 3]. Plaintiff McGill admits that she was responsible for processing payroll, making hiring and termination decisions, and developing and enforcing workplace rules. [Dep. of Beth McGill, 27:3-19; 29:15-22; 33:9-34:11; 55:10-58:18; Decl. of Cami Lorenz, ¶ 11]. Neither Case Managers or Case Manager Assistants had the authority to process payroll, make hiring and firing decisions, and develop and enforce workplace rules. [Decl. of Cami Lorenz, ¶¶ 5, 7, 12 and 14].

Similarly, Plaintiff Emily Nuenke, who was a Case Manager Assistant, alleges that her job duties were essentially identical to those of a Case Manager, [DE 28-3, ¶ 4], however this is factually inaccurate as the role of Case Manager Assistant performs different job functions than a Case Manager. [Decl. of Cami Lorenz, ¶¶ 5, 7 and 12). Likewise, Plaintiff Moore was employed

7

as Senior Case Manager, and was responsible for different and additional job duties than Case Managers. [*Id*. at ¶ 14].

Because Plaintiff McGill, Plaintiff Emily Nuenke and Plaintiff Wilson were not employed as Case Managers, they are not similarly situated to the other Plaintiffs and other members of the putative class. As a result, they should be excluded from the putative class. Similarly, the affidavits submitted by Plaintiffs do not demonstrate any personal knowledge in regard to the work performed by hourly employees who were not Case Managers, nor the manner in which they were paid. As a result, if the Court decides to conditionally certify a class, it should be limited to employees with the job title of Case Manager.

### 2. Plaintiffs Offer No Facts Setting Forth the Basis of Their Personal Knowledge

Plaintiffs are required to provide this Court with facts that set forth the basis of their personal knowledge that they and others are similarly situated. They have failed to meet this burden. Plaintiff Tina Gibson alleges that "I observed and have been told by other hourly-paid employees that the hours and work I did for Defendants as an hourly-paid employee were the same hours/work that other hourly-paid employees were required to perform." [DE 28-3, ¶ 7]. Plaintiff Gibson makes only a vague, conclusory allegation with no additional factual support other than her own unsupported allegations. Plaintiff Kari Nuenke and Plaintiff Moore make similarly vague allegations that they "observed and have been told by other hourly-paid employees," however, they fail to identify the basis for their knowledge in other than conclusory allegations. [DE 28-3]. Plaintiffs' reliance on the vague, conclusory allegations of their complaint necessitates the denial of their request for conditional certification.

In fact, courts in this district routinely deny motions for conditional certification even when plaintiffs submit affidavits in support of their motions if such affidavits are vague and provide no

8

JGC02 4824-6480-2239
2951204-000001

Case 3:19-cv-00922 Document 31 Filed 06/16/20 Page 8 of 17 PageID #: 200

basis for the declarants' knowledge about other allegedly similarly situated employees. *See Watson v. Adv. Distr. Servs.*, LLC, 298 F.R.D. 558, 563 (M.D. Tenn. 2014) (affidavits, even at the conditional certification stage, "must be based on the personal knowledge of the affiant. If the Court were to conclude otherwise, affidavits submitted would not be any more probative than the bare allegations of the complaint, and the requirement of factual support would be superfluous."). For example, in *O'Neal*, the Court explicitly disregarded plaintiffs' affidavits stating: (1) that "all loan officers" "'always' . . . or 'usually' . . . work more than forty hours per work week;" and (2) that defendant classified all loan officers "as exempt from overtime pay requirements" and "denied [all loan officers] overtime pay," because the affidavits failed to "explain the source of this alleged knowledge or the circumstances giving rise to their belief that the statements are true as to all loan officers employed by Defendants" and failed to "establish the basis of their knowledge about other employees' experiences." 2013 WL 4013167, at *6.

Similar to the cases cited above, Plaintiffs fail to state the basis of their knowledge about other hourly employees and the application of Defendants' pay policy to other hourly employees' paychecks. Accordingly, Plaintiffs fail to meet even this modest burden of showing the putative class members of "all hourly employees" is similarly situated, and their request for conditional certification should therefore be denied. *See Bacon*, 2012 WL 4321712, at *2 (vague allegations that defendant had a company-wide policy was insufficient to support certification, and plaintiffs provided no "relevant facts or assertions to support [their] understanding, nor [did] they indicate how or why they came to have such an understanding").

### 3. The Number of Putative Class Members is Insufficient to Conditionally Certify a Class

While numerosity is not a requirement for conditional certification under 29 U.S.C. § 216(b), it should be considered as part of the analysis. In this case, Plaintiffs' putative class

9

numbers approximately 24 employees at most based on the names of employees identified by Plaintiff McGill in her deposition. These employees have different job titles, different job duties, different compensation rates, and differing lengths of employment. As a result, each employee has individualized claims. Given the small size of the putative class and the lack of similarity amongst the putative class, this matter is not appropriate for a collective action.

### A. The Court Should Reject Plaintiffs' Proposed Notice and Consent Form

If the Court grants Plaintiffs' Motion to proceed as a collective action, Defendants object to: (1) Plaintiffs' proposed methods of transmitting notice; (2) the information Plaintiffs request from Defendants regarding its current and formers employees; (3) certain contents of the notice itself; and (4) the length of the opt-in period. Defendants' primary objections are outlined below; however, in the event that the Court conditionally certifies the class in some capacity, Defendants request the opportunity to work with Plaintiff's counsel to formulate an agreed upon notice and consent form that are accurate and consistent with the allegations in this lawsuit.

#### 1. Notice Should Only Be Sent Via U.S. Mail

First, the proposed Notice should only be sent via standard U.S. Mail. Defendants object to Plaintiffs' request that the Notice be emailed, posted internally at Defendants' office, and included with the payroll statements of current employees. [DE 27]. Courts within this Circuit regularly deny requests to send notice by any means other than first-class mail unless the plaintiffs demonstrate "good cause." For example, in *Lindberg v. UHS of Lakeside, LLC*, 761 F. Supp. 2d 752, 765 (W.D. Tenn. 2011), the Court denied plaintiffs' request to post the notice at the workplace and to include the notice in the employees' paychecks because "first-class mail is generally considered to be the 'best notice practicable' to ensure that proper notice is received by potential class members." The Court noted that if plaintiffs later showed that defendants "fail[ed] to produce

10

JGC02 4824-6480-2239
2951204-000001
Case 3:19-cv-00922   Document 31   Filed 06/16/20   Page 10 of 17 PageID #: 202

the contact information," or if "production is incomplete or inaccurate," the Court would potentially consider alternative methods of notice. *Id.*

At this stage, as in *Lindberg*, Plaintiffs have not shown that Defendants have either failed to produce potential plaintiffs' information or provided incomplete or inaccurate production. Notice should therefore be sent only via first-class mail. *See also Watson,* 298 F.R.D. at 565 ("The plaintiffs have failed to demonstrate good cause to post the notice at the defendants' respective places of business. Therefore, the court finds that notice need only be sent by first-class mail."); *Lawrence v. Maxim Healthcare Servs.*, Inc., No. 1:12cv2600, 2013 WL 5566668, at *3 (N.D. Ohio Oct. 9, 2013) ("the Court agrees with Defendants that notice need only be sent by first class mail"); *Hardesty v. Litton's Mkt & Rest.*, Inc., No. 3:12-cv-60, 2012 WL 6046743, (E.D. Tenn. Sept. 28, 2012) (*adopted* 2012 WL 6046697, Dec. 5, 2012) ("Plaintiff has failed to demonstrate good cause for requiring the Defendants to post notice in their place of business").

For these reasons, Plaintiffs' requests to email and internally post the proposed notice and their request to include the proposed notice in the payroll statement of current employees should be denied.

### 2. Plaintiff Has Not Demonstrated a Need for the Contact Information Requested

Similarly, Defendants object to Plaintiffs' request for disclosure of the phone numbers and email addresses. [DE 27]. Courts within this Circuit deny requests for disclosure of potential opt-in plaintiffs' telephone numbers and email addresses where plaintiffs fail to demonstrate a need for that information. For example, in *Bradford v. Logan's Roadhouse, Inc.*, No. 3:14-cv-2184, 2015 WL 5794545 at *12 (M.D. Tenn. Oct. 2, 2015) (Trauger, J.), this Court initially denied a

request for potential plaintiffs' email addresses, social security numbers,[1] and telephone numbers, because Plaintiffs failed to provide a "factual showing" establishing the need for that information, or a "citation to legal precedent" entitling them to that information. In this case, as in *Bradford*, Plaintiff has not demonstrated that it is appropriate or necessary at this time to order the disclosure of email addresses or telephone numbers. *Bradford*, 2015 WL 5794545 at *12; *see also Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 215 (S.D. Ohio 2011) ("Plaintiffs have failed to justify their request for the employees' telephone numbers. . . .").

Plaintiffs have provided no sufficient justification for their request that Defendants provide the telephone numbers and email addresses of potential opt-in plaintiffs, and as a result, the request should be denied.

### 1. The Contents of the Notice Are Not Judicially Neutral

Potential opt-in plaintiffs should only receive a notice that is judicially neutral and accurate. *See Hoffman-LaRoche,* 493 U.S. at 174 ("In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."). The proposed notice in this case is not written neutrally and could, therefore, create confusion for opt-in plaintiffs regarding this lawsuit. The form, language, and format of the notice inappropriately encourage participation and suggest that success on the merits has been shown.

Defendants also object to inclusion of the case caption on the notice. Inclusion of the case caption can create confusion about the Court's position on the merits of the case. Although

---

[1] Plaintiffs' Motion for Reconsideration [DE 27] does not include a request for social security numbers, but such request is contained in their supporting Memorandum of Law [DE 28, p.2]. To the extent that Plaintiffs have properly requested the social security numbers of putative class members, Defendants object for the same reasons outlined above.

JGC02 4824-6480-2239
2951204-000001

Plaintiffs' proposed Notice contains a statement of judicial neutrality, it is found on the last page of the three-page notice. [DE 28-1, p.3]. As in other cases within this Circuit, the case caption should be removed and the statement of judicial neutrality should be at the beginning of the notice. *See Hardesty*, 2012 WL 6046743, at *6. The case caption should be replaced by the following heading, as approved by the district court in *Hardesty*:

Month, Date, Year

NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN

AUTHORIZED BY JUDGE CAMPBELL OF THE UNITED STATES
DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

The Notice to potential plaintiffs should also provide contact information for defense counsel, which Plaintiffs' proposed Notice does not contain. *See Potts v. Nashville Limo & Transport, LLC*, No. 3:14-cv-1412, 2015 WL 4198793, at *7 (M.D. Tenn. July 10, 2015) (Trauger, J.).

In the interest of judicial economy, Defendants request that, if this Court grants conditional certification and approves court-supervised notice, the Court enter an order requiring Plaintiffs to redraft their proposed notice and allow the parties to then negotiate and attempt to reach a mutual agreement as to notice and consent forms [DE 28-1, DE 28-2] that satisfy the requirements of judicial neutrality and accuracy.

### 2. The Opt-In Period Should Be Limited to 45 Days and the Court Should Reject Plaintiff's Request to Send a Reminder Notice

In their Memorandum of Law, Plaintiffs have requested an extraordinarily long 90-day period during which opt-in plaintiffs may file their consent forms. [DE 27, DE 28-1]. Plaintiff also requests that the Court allow them to issue a "reminder notice" after 45 days. [DE 27].

13

Consistent with previous rulings in this district, potential plaintiffs should be required to file their consents within 45 days, not 90 days as suggested by Plaintiff and, thus, no reminder notice is appropriate. *Watson*, 298 F.R.D. at 565 (rejecting plaintiffs' proposed 90-day opt-in period and establishing a 45-day opt-in period); *Baden-Winterwood v. Life Time Fitness*, No. 2:06-cv-99, 2006 WL 2225825, at *3 (S.D. Ohio, Aug. 2, 2006) (setting 45-day opt-in period after rejecting plaintiff's 60-day period and defendant's 30-day period). Further, the Supreme Court has instructed trial courts to establish deadlines for submitting consent forms in order "to expedite," not delay, disposition of the action. *Hoffman-LaRoche.* 493 U.S. at 172. Plaintiffs fail to allege any special circumstances justifying a 90-day opt-in period or their request to send a reminder notice, and this request for such should be denied. In addition, the opt-in period should be defined by specific start and end dates that are set by the Court.

### B. Plaintiff's Request for Equitable Tolling Should Be Rejected

Finally, Plaintiffs bear the burden of proving that equitable tolling is appropriate. That burden is substantial, as equitable tolling is an extraordinary remedy that "should be granted only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 90 (1990); *Amini v. Overlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001). Indeed, several courts, including several courts of appeal, have found that equitable tolling should be granted only when there has been "active deception" by the defendant, of which there are no allegations in this lawsuit. S*ee e.g., Benton v. Town of South Fork & Police Dept*., 553 Fed. Appx. 772, 779 (10th Cir. 2015) (citation omitted) ("Equitable tolling 'is appropriate only where the circumstances of the case rise to the level of active deception ...where a plaintiff is lulled into inaction by [his] past employer'"); *Lekas v. United Airlines, Inc*., 282 F.3d 296, 301 (4th Cir. 2002) ("Equitable tolling applies where a defendant, by active deception, conceals a cause of action"); *Hananiya v. City of Memphis*, 356 F. Supp. 2d 871, 875

14

(W.D. Tenn. 2005) (citations omitted) ("Courts have held that equitable tolling is appropriate in cases of active deception" or "where an employee has been 'actively misled' or prevented in an extraordinary manner from asserting his or her rights").

While not expressly addressing the role of deception, the Sixth Circuit has identified the following factors to be considered in determining whether equitable tolling is warranted:

> (1) whether the plaintiffs lacked actual notice of their rights and obligations; (2) whether they lacked constructive notice; (3) the diligence with which they pursued their rights; (4) whether the defendant would be prejudiced if the statute were tolled; and (5) the reasonableness of the plaintiffs' remaining ignorant of their rights.

*EEOC v. Kentucky State Police Dep't*, 80 F.3d 1086, 1094 (6th Cir. 1996). Constructive notice is presumed by the very existence of the FLSA and a plaintiff's awareness that he or she was not receiving overtime pay. *See Archer v. Sullivan County, Tennessee*, 129 F.3d 1263, 1997 WL 720406, at * 4 (6th Cir. Nov. 14, 1997) ("The statute itself gave the plaintiffs constructive notice of the fact that the county was violating their rights under the FLSA and of the deadline for filing suit . . . . The plaintiffs knew that they were not receiving any overtime pay – and that knowledge constituted knowledge of facts triggering the accrual of a cause of action."); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) (it is "well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling"). These factors apply universally, even in cases that are not duplicative collective actions and even where there has been no prior FLSA notice and ability to join a prior lawsuit.

Plaintiff's request for equitable tolling should be denied because Plaintiff has presented no reason why equitable tolling should be granted, especially considering that equitable tolling is "'inappropriate for group consideration in the context of a FLSA collective action.'" *Awad* v. *Tyson Foods, Inc.*, No. 15-00130, 2016 WL 454776, at *6 (M.D. Tenn. Feb. 5, 2016). Defendants

therefore respectfully request that Plaintiffs' request for equitable tolling be denied.

## V. CONCLUSION

For the foregoing reasons, the Court should reject Plaintiff's attempt to conditionally certify a company-wide class because Plaintiffs failed to meet their burden to show that they are similarly situated to members of the proposed collective class.

In the alternative, even if the Court finds conditional certification is justified in this case, the scope of the class should be limited to hourly employees with the job title of Case Manager. Additionally, if a collective is conditionally certified, Plaintiff's notice terms and consent form should be revised for accuracy and fairness to Defendants and clarity for potential opt-in plaintiffs. Finally, Plaintiff's request for equitable tolling should be rejected because Plaintiff has set forth no sufficient justification why the potential opt-in plaintiffs are entitled to the extraordinary relief of equitable tolling.

Respectfully submitted,

/s/ Mark A. Baugh
Mark A. Baugh, BPR No. 015779
Jennifer Gingery Cook, BPR No. 20027
Christopher J. Barrett, BPR No. 032978
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone (615) 726-5600
Facsimile (615) 744-5760

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 16th day of June 2020, a copy of the foregoing *Defendants' Response to Plaintiff's Motion for Conditional Certification* was filed electronically. Notice of this filing will be served by operation of the Court's electronic filing system to counsel for parties below. Counsel for parties may access these filings through the Court's electronic filing system:

J. Russ Bryant, BPR No. 33830
Robert E. Turner, IV, BPR No. 35364
Nathaniel A. Bishop, BPR No. 35944
Robert E. Morelli, III, BPR No. 37004
JACKSON, SHIELDS, YEISER & HOLT
262 German Oak Drive
Memphis, TN 38018

Nina Parsley, BPR No. 23818
PONCE LAW
400 Professional Park Drive
Goodlettsville, TN 37072

                                               /s/ Mark A. Baugh
                                               Mark A. Baugh