# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BETH MCGILL, TINA GIPSON, KARI NUENKE, EMILY NUENKE, and REBEL MOORE, *individually, and on behalf of all similarly situated individuals*, | ) ) ) ) NO. 3:19-cv-00922 |
| Plaintiffs, | ) ) JUDGE CAMPBELL |
| v. | ) MAGISTRATE JUDGE HOLMES ) ) |
| NASHVILLE TENNESSEE VENTURES, INC., a/k/a NASHVILLE VENTURES, d/b/a HELP 4 TIMESHARE OWNERS, INTEGRITY SOLUTIONS GROUP, LLC, *a New Mexico Limited Liability Company*, JOHN STEVEN HUFFMAN, and JOHN PRESTON THOMPSON | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion for Conditional Certification. (Doc. No. 27). Through the motion, Plaintiffs seek an order (1) conditionally certifying a class of plaintiffs who worked as hourly employees of Defendants; (2) directing Defendants to provide a computer-readable file containing the names, last-known address, last-known email address, and last-known telephone numbers for all putative class members; (3) providing that the notice be prominently posted at Defendants' office in Nashville, Tennessee, be attached to current employees' next scheduled pay checks, and be mailed and emailed to putative class members; (4) equitably tolling the statute of limitations for prospective class members; (5) authorizing of a 90-day notice period and a reminder postcard mid-way through the notice period; and (6) providing that Consent to Join forms be deemed "filed" on the date they are postmarked. Plaintiffs filed a proposed Notice of

Collective Action (Doc. No. 28-1) and proposed Consent Form (Doc. No. 28-2). Defendants filed a response in opposition (Doc. No. 31), and Plaintiffs filed a reply (Doc. No 33). For the reasons discussed below, Plaintiffs' motion to conditionally certify collective action is **GRANTED in part**, **and DENIED in part**.

## I. FACTUAL BACKGROUND

Plaintiffs filed this action as a purported collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (Compl., Doc. No. 1). Defendant Nashville Tennessee Ventures, d/b/a "Help 4 Timeshare Owners," helps timeshare owners cancel their timeshare contracts. (*Id.*, ¶¶ 8, 23). Nashville Tennessee Ventures is owned by Defendants John Steven Huffman and John Preston Thompson. (*Id.*, ¶¶ 10, 11; *see also*, Doc. No. 32-2, ¶ 3). Plaintiffs allege Defendant Integrity Solutions Group, LLC, also does business under the name "Help for Timeshare Owners." (Doc. No. 1, ¶ 9).[1]

Plaintiffs contend they worked for Defendants as hourly employees managing "cases" of clients who wants to cancel their timeshare contracts. Plaintiffs allege they were assigned to such a large volume of cases to manage that they regularly worked more than 40 hours per week and never received pay for hours worked in excess of 40 hours. (*Id.*, ¶¶ 31-35). Plaintiffs claim Defendants had a policy of only paying employees for 40 hours of work per week regardless of how many hours were actually worked during a given workweek. (*Id.*, ¶¶ 24, 31, 35-37). Plaintiffs estimate they spent 10 to 15 hours per week performing unpaid "after hours" work.[2] (Id., ¶ 36; *see*

---

[1] Defendants state that Integrity Solutions Group, LLC, is a separate legal entity that did not employ any of the named Plaintiffs or putative class members. (Doc. No. 32-2, ¶ 3).

[2] McGill estimates she worked at least 10 to 20 hours in excess of 40 hours per workweek.

2

*also*, Doc. No. 28-3: McGill Decl. ¶11; Gipson Decl. ¶ 9; E. Nuenke Decl. ¶¶ 6, 9; K. Nuenke Decl. ¶ 9; Moore Decl. ¶ 9).

Plaintiffs held various job titles, but allege that they all performed case management duties. (*See* Doc. No. 28-3: McGill Decl. ¶¶1-5; Gipson Decl. ¶¶ 1-4; E. Nuenke Decl. ¶¶ 1-4; K. Nuenke Decl. ¶ 1-4; Moore Decl. ¶¶ 1-4). Tina Gipson and Kari Nuenke were Case Managers; Rebel Moore was a Senior Case Manager; and Emily Nuenke was a Case Manager Assistant. (*Id*.). They each were paid $15.00 per hour and, except for Emily Nuenke, each earned commission. (*Id*.). Plaintiff Beth McGill began work as a Case Manager in May 2015 and was promoted to Executive Branch Director in October 2016. (McGill Decl., Doc. No. 28-3, ¶ 2; Lorenz Decl., Doc. No. 32-2, ¶ 10). McGill states that as Executive Branch Director she continued to perform the duties of a Case Manager and took on additional duties such as handling human resources issues, speaking with vendors, handling client complaints, and keeping track of assignments. (McGill Decl., Doc. No. 28-3, ¶ 5). Plaintiffs state they observed and were told by other hourly-paid Case Managers and Case Manager Assistants that they worked similar hours, putting in extra time before and after regular business hours and on weekends. (*See* Doc. No. 28-3: McGill Decl. ¶¶ 9-11; Gipson Decl. ¶¶ 7-11; E. Nuenke Decl. ¶¶ 7-10; K. Nuenke Decl. ¶¶ 7-11; Moore Decl. ¶¶ 7-12).

## II. STANDARD FOR CONDITIONAL CERTIFICATION

The FLSA provides that a collective action may be maintained against any employer by one or more employees for and on behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b). The FLSA does not define the term "similarly situated," but courts have held that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the

3

plaintiffs. *Bradford v. Logan's Roadhouse, Inc*., 137 F. Supp. 3d 1064, 1071 (M. D. Tenn. 2015); *Watson v. Advanced Distribution Servs*., LLC, 298 F.R.D. 558, 561 (M.D. Tenn. 2014). Employees may also be similarly situated if their claims are merely "unified by common theories of the defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Amos v. Lincoln Property Co*., 2017 WL 2935834 at * 2 (M.D. Tenn. July 7, 2017).

Generally, courts recognize a two-step process to determine whether plaintiffs are similarly situated. *Bradford*, 137 F. Supp. 3d at 1071. The first step takes place at the beginning of discovery, where the plaintiff bears the burden of showing that employees in the purported class are similarly situated. *Id*. The plaintiff must show only that her position is similar, not identical, to the positions held by the putative class members. *Id*. (citing *Comer v. Wal-Mart Stores, Inc*., 454 F.3d 544, 546 (6th Cir. 2006)). At this first stage, courts use a "fairly lenient standard" that typically results in conditional certification of a representative class. *Id*. Because the statute only requires that employees be "similarly situated," plaintiffs seeking to certify a collective action under the FLSA face a lower burden than those seeking to certify a class action under Fed. R. Civ. P. 23. *Potts v. Nashville Limo & Transport, LLC*, 2015 WL 4198793 at * 4 (M.D. Tenn. July 10, 2015).

At the first stage, the plaintiff must present substantial allegations supported by declarations; once the plaintiff has met that burden, a court, in its discretion, may conditionally certify the case as a collective action, regardless of what exemptions the defendant wishes to assert at a later time. *Medley v. Southern Health Partners, Inc*., 2017 WL 3485641 at * 5 (M.D. Tenn. Aug. 15, 2017). If a court approves conditional certification, it may authorize the notification of similarly-situated employees to allow them to opt into the lawsuit. *Comer*, 454 F.3d at 546; *Bradford*, 137 F.Supp.3d at 1072. The certification at this stage is conditional and by no means

4

final. *Bradford*, 137 F.Supp.3d at 1072. A court does not resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations to determine whether a plaintiff has met his evidentiary burden at this first stage. *Id.*

### III. ANALYSIS

**A. Conditional Certification**

Plaintiffs seek to conditionally certify a class defined as:

> All current and former hourly paid employees of Defendant during the applicable limitations period (i.e. two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiffs and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b).

(Doc. No. 1, ¶ 15). In support of the motion for conditional certification, Plaintiffs filed declarations from five former employees. (*See* Doc. No. 28-3: McGill Decl.; Gipson Decl.; E. Nuenke Decl.; K. Nuenke Decl.; Moore Decl.). The employees stated they worked as case managers, senior case manager, case management assistant, and executive director, assisting clients in cancelling their timeshare contracts. (*Id.*). They state that Defendants assigned an excessive caseload that could not be completed in a regular forty-hour workweek and expected employees working on case management to "catch-up" on work after hours. (*Id.*). Plaintiffs stated that they regularly worked more than forty-hours in a workweek and were never paid overtime. (*Id.*). Several employees stated that Defendants Huffman and Thompson told them personally that Defendants have a policy to never pay overtime. (Doc. No. 28-3: McGill Decl. ¶¶ 15-16; Gipson Decl. ¶¶ 13; E. Nuenke ¶ 14; Moore Decl. ¶ 15).

Defendants argue that Plaintiffs have failed to show the employees they seek to include within the collective class are similarly situated, arguing that three of the plaintiffs had job titles

5

other than "case manager." Defendants also contend that the affidavits do not demonstrate any personal knowledge of work performed by "hourly employees" who were not case managers or the manner in which they were paid. Finally, Defendants assert that the motion for conditional certification should be denied because the affidavits in support of the motion fail to state the basis of the affiants' knowledge about other hourly employees and the application of Defendants' pay policy to other employees.

Plaintiffs have shown they are similarly situated to other employees who perform case management duties. Moreover, Plaintiffs have identified a "common FLSA-violating policy" of never paying hourly employees for more than 40-hours per week no matter how many hours they work. However, the Court agrees with Defendants that the proposed class definition of "all hourly employees" is potentially too broad. While Plaintiffs appear to assume that all hourly employees perform case management duties, Defendants imply that there are hourly employees who are not involved in case management. (*See* Lorenz Decl., Doc. No. 32-2 ¶ 8 (referring to "other hourly employees," in addition to the Case Manager Assistants, who were not eligible to receive commissions). The alleged company policy to not pay for more than 40 hours in a workweek, would presumably affect all hourly employees, but Plaintiffs did not provide any information regarding employees other than those who perform case management duties. The Court agrees Plaintiffs have not shown they are similarly situated to these "other hourly employees" who potentially do not perform case management duties. The solution to this problem, however, is not to deny class certification altogether, but to tailor the class description to reflect the similarly situated class. Based on the affidavits submitted, the similarly situated class consists of employees who performed case management duties, including the Executive Director, Case Managers, Senior

6

Case Managers, and Case Manager Assistants.

At this stage in the proceeding, Plaintiffs' factual showing is sufficient proof that they are similarly situated to other hourly employees who performed case management duties. Therefore, the Court finds Plaintiffs have met the fairly lenient standard governing conditional certification.

**B. Notice and Consent Forms**

Plaintiffs ask the Court to approve the proposed Notice and Consent Forms, found at Docket No. 28-1 and 28-2 and to direct provide a computer-readable file containing the names, last-known address, last-known email address, and last-known telephone numbers for all putative class members.[3] Plaintiffs request that the notice be sent to putative class members by mail and email, posted at Defendants' office in Nashville, Tennessee, and attached to current employees' next scheduled pay checks. Plaintiffs request a 90-day notice period, approval to send a follow-up reminder postcard after 45 days, and that Consent to Join forms be deemed "filed" on the date they are postmarked.

Defendants object to virtually every aspect of Plaintiffs proposed notice except for sending notices by U.S. Mail. Defendants object to sending notice by any other method, including by email, posting at the office, or in payroll statements. Defendants argue they should not be required to provide email addresses and telephone numbers because these are not needed to contact putative class members by U.S. Mail. Defendants also argue that Plaintiffs' proposed 90-day opt-in period is "extraordinarily long," that 45 days is adequate time, and no follow-up notice is necessary. In

---

3   Plaintiffs Memorandum (Doc. No. 28), but not motion (Doc. No. 27), requests Defendants provide social security numbers for all putative class members. (Doc. No. 28). Plaintiffs have not established that is appropriate or necessary for Defendants to provide employee social security numbers. Accordingly, to the extent Plaintiffs intended to request this information, that request is denied.

7

Case 3:19-cv-00922   Document 37   Filed 10/08/20   Page 7 of 10 PageID #: 368

addition to objections regarding the method of notice, Defendants express a general concern that the proposed notice is not judicially neutral or accurate. They object to the "form, language, and format" of the notice, specifically the inclusion and placement of the case caption, placement of the statement of judicial neutrality, and failure to provide contact information for defense counsel.

Plaintiffs did not respond to Defendants' objections to the proposed Notice and methods of distribution. With regard to Defendants' objections concerning the method of notice, the Court notes that "courts within the Sixth Circuit have routinely approved dual notification through regular mail and email," and required employers to post the notice in a conspicuous place and provide copies with employees' paychecks. *See Evans v. Caregivers, Inc*., No. 3:17-cv-0402, 2017 WL 2212977, at *7 (M.D. Tenn. May 19, 2017). The Court finds these methods of notification to be reasonable and is inclined to approve them in this case. However, the Court will leave this issue and resolution of the other objections Defendants have raised for the parties to attempt to resolve when counsel meets and confers regarding the notice and consent protocol, as ordered below.

**B. Equitable Tolling**

Plaintiffs seek equitable tolling of the statute of limitations for opt-in plaintiffs as of the date the motion to conditionally certify class was fully briefed. Plaintiffs contend equitable tolling is necessary because, unlike class actions brought under Federal Rule of Civil Procedure 23, the statute of limitations for collective actions is not automatically tolled for the putative class when the complaint is filed. (Doc. No. 28 at 15-16, n.20).

Plaintiffs are correct that the statute of limitations for opt-in plaintiffs will continue to run until the opt-in plaintiff files written consent to join the action. 29 U.S.C. § 256(b). The FLSA allows "some time [to] lapse between the commencement of collective actions and the date that

each opt-in plaintiffs files his or her consent form." *Brittmon v. Upreach, LLC*, 285 F. Supp. 3d 1033, 1045 (S.D. Ohio 2018) (quoting *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1076 (S.D. Ohio 2016)). "Notwithstanding the delay contemplated by the statute, the doctrine of equitable tolling, which is read into every statute, allows 'a court to extend the statute of limitations on a case-by-case basis to prevent inequity.'" *Id*. Equitable tolling should be granted "sparingly" and the decision to do so is within the discretion of the trial court. *Amini v. Oberlin College*, 259 F.3d 493, 498-500 (6th Cir. 2001). To determine the appropriateness of equitable tolling, the Court considers the following factors:

> (1) Whether plaintiffs lacked actual notice of their rights and obligations; (2) whether they lacked constructive notice; (3) the diligence with which they pursued their rights; (4) whether the defendant would be prejudiced if the statute were tolled; and (5) the reasonableness of the plaintiffs' remaining ignorant of their rights.

*See EEOC v. Kentucky State Police Dep't*, 80 F.3d 1086, 1094 (6th Cir. 1996). Most district courts within the Sixth Circuit have concluded that it is "improper to equitably toll the claims of potential opt-in plaintiffs who are not yet before the court." *Brittmon*, 285 F. Supp. 3d at 1046 (collecting cases); *see also*, *Foster v. Sitel Operating Corp.*, No. 3:19-cv-00148, 2020 WL 3485576 (M.D. Tenn. May. 22, 2020) (denying motion to equitably toll claims of potential opt-in plaintiffs); *Bradford v. Logan's Roadhouse, Inc.*, 137 F. Supp. 3d 1064, 1081 (M.D. Tenn. 2015) (declining to consider "undeveloped statute of limitations issues" at the conditional certification stage); *O'Brien v. Christian Faith Publishing*, No. 3:18-cv-00024, 2019 WL 6037004 (M.D. Tenn. Nov. 14, 2019) (same).

Plaintiffs have not provided any cause, other than the delay built into the statute, to toll the statute of limitations with regard to claims of potential opt-in plaintiffs. Moreover, as these

9

potential plaintiffs are not yet before the Court, the Court has no way to consider factors such as whether they diligently pursued their rights or were prejudiced from the delay and reach a determination regarding the appropriateness of equitable tolling for the opt-in plaintiffs. Accordingly, the request to equitably toll the statute of limitation as to potential opt-in plaintiffs is denied at this time.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion to conditionally certify the collective action is **GRANTED**. The Court conditionally certifies a class of plaintiffs who worked for Defendants as hourly employees with case management duties, including as executive branch director, case manager, senior case manager, and case manager assistant. The Court **DENIES** plaintiffs request to equitably toll the statute of limitations for opt-in plaintiffs. The Court reserves ruling on the motion to approve the notice and consent form. The parties are hereby **ORDERED** to meet and confer regarding notice to the potential class members. The parties shall attempt to reach an agreement as to content of the proposed notice and the method of notification and shall file an agreed notice for approval with the Court by October 30, 2020. If the parties cannot agree, they shall file competing notice proposals and explanatory memoranda by October 30, 2020.

It is so **ORDERED.**

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE