# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **BETH MCGILL, TINA GIPSON, KARI NUENKE, EMILY NUENKE, and REBEL MOORE,** *individually, and on behalf of all similarly situated individuals*, | )<br>)<br>)<br>)<br>) NO. 3:19-cv-00922 |
| Plaintiffs, | )<br>) JUDGE CAMPBELL<br>) MAGISTRATE JUDGE HOLMES |
| v. | )<br>) |
| **NASHVILLE TENNESSEE VENTURES, INC.,** a/k/a **NASHVILLE VENTURES,** d/b/a **HELP 4 TIMESHARE OWNERS, INTEGRITY SOLUTIONS GROUP, LLC,** *a New Mexico Limited Liability Company*, **JOHN STEVEN HUFFMAN, and JOHN PRESTON THOMPSON** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Pending before the Court is the parties' Joint Stipulation of Dismissal seeking to dismiss this action with prejudice. (Doc. No. 81). On August 12, 2022, the Court Ordered the parties to file a copy of the settlement agreement for the Court's review. (*See* Doc. No. 81). By the same Order, the Court directed that, if the settlement agreement contains a confidentiality provision, the parties should also file additional briefing explaining why the confidentiality provision is enforceable. (*Id*.). The parties filed a copy of the settlement agreement, which contains a confidentiality clause at paragraph nine (Doc. No. 83), but did not file additional briefing explaining the enforceability of the confidentiality provision. The Court then ordered the parties to file the requested briefing or resubmit the settlement agreement without the confidentiality clause. (Doc. No. 85).

On November 22, 2022, the parties filed revised settlement agreements which omit the confidentiality clause. (Doc. Nos. 86 and 87). The Court has reviewed the parties' revised settlement agreements. The revised agreements appear to be a fair and reasonable settlement of the wage claims presented. Accordingly, the proposed settlement agreements are **APPROVED** and this case is **DISMISSED WITH PREJUDICE** based upon the parties' agreement.

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE